66 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos RIOS-HERNANDEZ, Defendant-Appellant.
 No. 94-10476.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1995.*
Decided Sept. 6, 1995.
 
 Before: HALL, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Rios-Hernandez ("Rios") appeals from his conviction and sentence following a jury trial on charges of narcotics trafficking, arguing, inter alia, that there was a prejudicial variance between the conspiracy as charged and its proof at trial, the government was guilty of entrapment, and the sentence imposed was improperly calculated. We affirm.
 
 
 3
 * Rios first contends that a fatal variance exists between the single, overarching conspiracy charged in Count I and the actual proof at trial of one or more separate conspirac(ies). Because Rios failed to present this question to the district court, we decline to reach the merits of his argument. See United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990).
 
 II
 
 4
 Rios next argues that the district court erred by denying his motion for judgment of acquittal, arguing that he was entrapped by virtue of the government inducing him to sell drugs in Nevada. This contention is meritless.
 
 
 5
 The defense of entrapment consists of two elements: (1) an inducement on the part of the government, and (2) the lack of a predisposition on the part of the defendant, to commit the crime charged. United States v. Davis, 36 F.3d 1424, 1430 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995). Inducement can be shown by such things as "persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship." Id. Once inducement is shown, the court examines five factors to determine whether or not the government has proven beyond a reasonable doubt that the defendant had a predisposition to commit the crime: "(1) the character and reputation of the defendant; (2) whether the government made the initial suggestion of criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance; and (5) the nature of the government's inducement." Id.
 
 
 6
 Rios' efforts to portray himself as a model citizen are unpersuasive in the face of the government's proof of a strong predisposition on his part to engage in narcotics trafficking. There was evidence not only of Rios' long-standing work for Francisco Castro Jauregui ("Pancho") as a cash-and-drug courier, but also of his own drug dealings with Ramon Munoz ("Ramon") prior to the latter's arrest and work for the DEA. Accordingly, the district court did not err by rejecting Rios' entrapment defense and denying his motion for judgment of acquittal.
 
 III
 
 7
 Rios also contends that the district court erred by adjusting his base offense level upward by four points, based on the court's determination that Rios (1) was in possession of a firearm during the commission of a narcotics offense (2 points--U.S.S.G. Sec. 2D1.1(b)(1)), and (2) had served the conspiracy in a leadership capacity (2 points--U.S.S.G. Sec. 3B1.1(c)).
 
 
 8
 The Sentencing Guidelines provide that, "If a dangerous weapon (including a firearm) was possessed [by the defendant during the commission of a drug offense], increase [the base offense level] by 2 levels." U.S.S.G. Sec. 2D1.1(b)(1). The Commentary to section 2D1.1(b)(1) states, in relevant part, that "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. Sec. 2D1.1, comment. (n.3). As an example of a "clearly improbable ... connect[ion] with the offense[,]" the Commentary mentions "an unloaded hunting rifle in the closet." Id.
 
 
 9
 Rios insists that his situation falls within the above exception because the weapon in question belonged to someone else, was not physically on his person (it was behind him, either in the truck bed or inside the cab of the vehicle in which Rios was a passenger), and may have been unloaded. We reject this contention as meritless. The firearm in question was an M-12, .380 caliber semi-automatic pistol, most decidedly not a sporting weapon, loaded or not. In addition, nothing in the Sentencing Guidelines or the applicable case law indicates that ownership of the weapon is controlling; rather, it is possession that counts. Moreover, it cannot be said that there was no evidence for the district court to find that Rios could have grabbed the weapon. Finally, the mere fact that the pistol may have been unloaded at the time is largely irrelevant. See United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994), cert. denied, 115 S.Ct. 1268 (1995).
 
 
 10
 The Sentencing Guidelines provide for a two-point increase in a defendant's base offense level if he served in a leadership role, however minor, in a criminal activity. U.S.S.G. Sec. 3B1.1(c). This minimal increase applies to "relatively small criminal enterprises ... [where] the distinction between organization and leadership, and that of management or supervision, is of less significance than in larger enterprises[.]" U.S.S.G. Sec. 3B1.1, comment. (backg'd.). More to the point, there need be only one other "participant," i.e., a "criminally responsible" person, involved with the defendant for this section to apply. U.S.S.G. Sec. 3B1.1, comment. (nn.1, 2).
 
 
 11
 Rios argues that he should not have been subjected to the two-level increase because the other participant, Armando Gonzalez-Martinez ("Armando"), was acquitted on the drug possession and distribution counts. However, whether Armando was convicted or acquitted is not dispositive of the issue of his being "criminally responsible." See U.S.S.G. Sec. 3B1.1, comment. (n.1) (a participant can be criminally responsible even if acquitted); United States v. Helmy, 951 F.2d 988, 997 n. 7 (9th Cir.) (same), cert. denied, 504 U.S. 945 (1992). Moreover, Armando was convicted with Rios on Count X. In addition, there was evidence showing that Rios recruited Armando for the crime in question. Finally, Rios organized at least two different drug sales with Ramon, one of which involved Armando. Based on these facts, the district court did not err by adopting the presentence report's recommendation that Rios' base offense level be enhanced two points for his role in the offense.
 
 
 12
 Because we find no merit to any of Rios's remaining arguments, the conviction and sentence appealed from are
 
 
 13
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and record without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3